UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OLIVER BOLING-BEY,

    Plaintiff,

        v.

UNITED STATES PAROLE
COMMISSION, et al.,

    Defendants.

Civil Action No. 05-1732 (JDB)

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, is an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg") serving a parole revocation sentence. He brings this action against the United States Parole Commission ("Parole Commission"), its employees Pamela Posch, Samuel Robertson, and Jeffrey Kostbar, the Bureau of Prisons ("BOP"), and Albert Wilson and Michael Gray, case managers at the United States Penitentiary in Leavenworth, Kansas ("USP-Leavenworth"). Plaintiff alleges that the revocation of his parole was motivated by racial animus and conducted in violation of his due process rights. He seeks compensatory damages, and declaratory and injunctive relief. Defendants have filed a motion to dismiss or, in the alternative, to transfer venue. Because the Court concludes that it lacks personal jurisdiction over the individual defendants, the motion will granted and the case transferred to the District of Kansas.

*Background*

On May 3, 1977, in the Superior Court of the District of Columbia, plaintiff was sentenced

to 71 years and six months imprisonment for sodomy and assault with a deadly weapon. Defendants' Motion to Dismiss or, in the Alternative, Transfer Venue ("Defts.' Mot."), Ex. B. The District of Columbia Board of Parole ("D.C. Board") granted parole to plaintiff on February 16, 1999. *Id.*, Ex. C. The D.C. Board ordered plaintiff to remain on parole supervision until June 29, 2047. *Id.*

On April 2, 1999, plaintiff was arrested in the District of Columbia and charged with using a deadly weapon to strike his wife, Lynn Boling. *Id.*, Ex. E.[1] Following his arraignment on this charge, plaintiff was released on his own recognizance and ordered to appear at a status hearing on April 20, 1999. *Id.* Based on this alleged law violation, the D.C. Board issued a parole violation warrant against plaintiff on April 13, 1999. *Id.*, Ex. F. In the interim, plaintiff had been arrested in West Hartford, Connecticut for the offenses of criminal trespass, disorderly conduct, and second degree stalking. *Id.*, Ex. G. The alleged victim of these crimes was his estranged wife. *Id.*

On December 9, 1999, and January 11, 2000, in the State of Connecticut, plaintiff was convicted of violating a protective order and disorderly conduct. *Id.*, Ex. I. The D.C. Board revoked plaintiff's parole on July 10, 2000 based on his use of a deadly weapon, his violation of the law, and because he had traveled outside the District of Columbia without permission. *Id.*, Ex. K. Plaintiff was ordered by the D.C. Board to be considered for reparole by February 7, 2003. *Id.*

Parole authority over D.C. Code offenders was subsequently transferred from the D.C. Board to the Parole Commission. *See* 28 C.F.R. § 2.70 (2006), *et seq.*; D.C. Code § 24-1231 (2006). The Parole Commission held a special reconsideration hearing for plaintiff on December

---

[1] Ms. Boling had obtained a temporary restraining order against plaintiff from the Superior Court of the District of Columbia on April 1, 1999. *Id.*, Ex. D.

3, 2003. Defts.' Mot., Ex. L.  In a Notice of Action dated December 19, 2003, the Parole Commission ordered that plaintiff be reparoled on April 9, 2005, after the service of 72 months imprisonment. *Id.*, Ex. N.  The Parole Commission's decision to impose a sentence above the guidelines (48-60 months) was based on plaintiff's prior history of violence and his violent criminal behavior while on parole. *Id.*  Plaintiff filed a petition for writ of habeas corpus in the United States District Court for the District of Kansas challenging the Parole Commission's decision. Complaint ("Compl."), ¶ 4.  That action is still pending. *See Boling v. Mundt,* 2006 WL 749529 (D. Kansas March 22, 2006).

On February 27, 2004, plaintiff filed an inmate grievance against defendant Albert Wilson, plaintiff's case manager at USP-Leavenworth.  Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp."), Ex. I.  Plaintiff alleged that Wilson uttered racial slurs at plaintiff and altered plaintiff's institutional files. *Id.*  Upon receipt of the grievance, the warden at USP-Leavenworth informed plaintiff that his allegations were under review.  Compl., Ex. B.  Plaintiff claims that his grievance was never resolved and that he was assigned a new case manager, defendant Michael Gray. Compl., Facts, ¶ 3.  According to plaintiff, another inmate at USP-Leavenworth had filed a grievance against Gray for uttering racial comments and threats. *Id.*

Pursuant to 28 C.F.R. § 2.28 (f), the Parole Commission re-opened plaintiff's case on the ground that there was new adverse information in plaintiff's file that had not been considered during the reconsideration hearing in December 2003.  Defts.' Mot., Ex. P and Ex. Q.  Defendant Pamela A. Posch, an attorney with the Parole Commission, recommended that plaintiff's case be re-opened based on police reports detailing plaintiff's assault offense in Connecticut, plaintiff's murderous threats against his wife and her family*,* evidence contradicting plaintiff's version of

events concerning his wife, and the extreme nature of plaintiff's attack on her. *Id.*, Ex. P. On June 10, 2004, the Parole Commission disclosed to plaintiff 34 pages of documents that it intended to use as evidence at the reconsideration hearing. *Id.*, Ex. S.

Prior to the hearing, on June 25, 2004, plaintiff alleges that defendants Wilson and Gray informed him that they were paying Lynn Boling's travel costs to appear as a witness, that Wilson's mother was formerly employed at the Parole Commission, and that defendant Posch "owe[d] her a favor or two." Pl.'s Opp., Ex. L. Plaintiff claims that Wilson and Gray uttered racial slurs just before the scheduled hearing on July 13, 2004. Compl., Facts, ¶ 8. Plaintiff requested that the hearing be postponed because his attorney was not available. Defts.' Mot., Ex. T. He waived his right to parole consideration at that time. Pl.'s Opp., Ex. M.

Plaintiff alleges that he was placed in solitary confinement on July 28, 2004 for a threat assessment based on orders from Wilson and Gray. Compl., Facts, ¶ 10. He also claims that Gray threatened to cut his throat. *Id.,* ¶ 11. Plaintiff filed a grievance about this encounter. Compl., Ex. J.

The Parole Commission held plaintiff's special reconsideration hearing at USP-Leavenworth on November 30, 2004. Defts.' Mot., Ex. W. According to the Parole Commission, plaintiff refused to leave his cell to attend the hearing. *Id.* & Ex. X. Plaintiff claims that defendant Gray prevented him from attending the hearing. Compl., Facts, ¶ 14. Following the hearing, on January 5, 2005, the Parole Commission voided its Notice of Action dated December 19, 2003 that had set a presumptive parole date of April 9, 2005. Defts.' Mot., Ex. Y. The Parole Commission ordered that plaintiff's case be continued to a 15-year reconsideration date of December 2018. *Id.*

events concerning his wife, and the extreme nature of plaintiff's attack on her. *Id.*, Ex. P. On June 10, 2004, the Parole Commission disclosed to plaintiff 34 pages of documents that it intended to use as evidence at the reconsideration hearing. *Id.*, Ex. S.

Prior to the hearing, on June 25, 2004, plaintiff alleges that defendants Wilson and Gray informed him that they were paying Lynn Boling's travel costs to appear as a witness, that Wilson's mother was formerly employed at the Parole Commission, and that defendant Posch "owe[d] her a favor or two." Pl.'s Opp., Ex. L. Plaintiff claims that Wilson and Gray uttered racial slurs just before the scheduled hearing on July 13, 2004. Compl., Facts, ¶ 8. Plaintiff requested that the hearing be postponed because his attorney was not available. Defts.' Mot., Ex. T. He waived his right to parole consideration at that time. Pl.'s Opp., Ex. M.

Plaintiff alleges that he was placed in solitary confinement on July 28, 2004 for a threat assessment based on orders from Wilson and Gray. Compl., Facts, ¶ 10. He also claims that Gray threatened to cut his throat. *Id.,* ¶ 11. Plaintiff filed a grievance about this encounter. Compl., Ex. J.

The Parole Commission held plaintiff's special reconsideration hearing at USP-Leavenworth on November 30, 2004. Defts.' Mot., Ex. W. According to the Parole Commission, plaintiff refused to leave his cell to attend the hearing. *Id.* & Ex. X. Plaintiff claims that defendant Gray prevented him from attending the hearing. Compl., Facts, ¶ 14. Following the hearing, on January 5, 2005, the Parole Commission voided its Notice of Action dated December 19, 2003 that had set a presumptive parole date of April 9, 2005. Defts.' Mot., Ex. Y. The Parole Commission ordered that plaintiff's case be continued to a 15-year reconsideration date of December 2018. *Id.*

*Standard of Review*

Defendants move to dismiss or, in the alternative, to transfer, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.[2]  Plaintiff bears the burden of establishing personal jurisdiction over each defendant.  *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34, 42 (D.D.C. 2003).  In order to meet his burden, plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations.  *Id.*  Furthermore, plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant.  *Id.*  In deciding a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court need not treat plaintiff's allegations as true.  *Id.*  Rather, the Court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination. *Id.*

*Discussion*

Plaintiff has brought this action against the Parole Commission and three of its employees -- Pamela Posch, Assistant General Counsel, and two hearing examiners, Jeffrey Kostbar and Samuel Robertson. Compl., p. 4.  None of these individually-named defendants reside in the District of Columbia.  *See* Defts.' Mot., Posch Declaration, ¶ 2; Kostbar Decl., ¶ 2; Robertson Decl., ¶ 1.  The principal office of the Parole Commission is located in Maryland, *see Terry v. U.S. Parole Comm'n*, 741 F.Supp. 282, 284 (D.D.C. 1990), a fact plaintiff concedes in his complaint.  *See* Compl., p. 4.  The complaint also names as defendants Albert Wilson and Michael

---

[2] Defendants also move to dismiss based on lack of subject matter jurisdiction, improper venue, insufficiency of process, and failure to state a claim upon which relief can be granted. Given the disposition of the personal jurisdiction issue, the Court need not address defendants' alternative grounds for dismissal.

Gray, BOP employees who are case managers at USP-Leavenworth. Plaintiff does not allege that they reside in the District of Columbia.

The District of Columbia long-arm statute, D.C. Code § 13-423, is the only basis upon which personal jurisdiction may be exercised over defendants who do not reside within or maintain a place of business in the District of Columbia. *Reuber v. United States*, 750 F.2d 1039, 1040 (D.C. Cir. 1984); *Robertson v. Merola*, 895 F.Supp. 1, 3 (D. D.C. 1995). The District of Columbia long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C. Code § 13-423(a)(1)-(4)(2006). Here, the only applicable section of the long-arm statute is section 13-423(a)(4) -- causing tortious injury in the District by an act or omission outside the District. For there to be personal jurisdiction under section (a)(4) of the long-arm statute, plaintiff must allege some specific facts evidencing purposeful activity by defendants in the District of Columbia by which they invoked the benefits and protections of its laws and specific acts connecting the defendants with the forum. *See, e.g., Cellutech v. Centennial Cellular Corp.*, 871 F.Supp. 46, 48 (D.D.C. 1994). At the very least, plaintiff must allege a tortious injury in the District of Columbia even if the act causing the injury took place elsewhere. D.C. Code § 13-423(a)(4); *see Crane v. Carr*, 814 F.2d 758, 762-63 (D.C. Cir. 1987); *Blumenthal v. Drudge*, 992 F.Supp. 44, 53-54 (D.D.C. 1998). He has not done so here.

None of the defendants resides in the District of Columbia.  Plaintiff's complaint alleges acts and omissions at the USP-Leavenworth in Kansas.  Plaintiff has not alleged that he suffered an injury in the District of Columbia. The only connection these defendants have with the District of Columbia is that two of them are employed by BOP, which is headquartered in the District of Columbia.  This fact by itself is insufficient to confer personal jurisdiction over these defendants.  *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).  Accordingly, this Court lacks personal jurisdiction over the individual defendants.

The Court may transfer an action even though it lacks personal jurisdiction over the defendants.  *Narthex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984); *Hoffman v. Fairfax County Redevelopment & Housing Authority*, 276 F.Supp. 2d 14, 16 n. 1 (D.D.C. 2003).  Transfer is appropriate under 28 U.S.C. §1406(a) "when procedural obstacles [such as lack of personal jurisdiction and improper venue] impede an expeditious and orderly adjudication on the  merits." *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)); *Crenshaw v. Antokol*, 287 F.Supp.2d 37, 45 (D.D.C. 2003).  The decision to transfer an action on this basis is left to the discretion of the court.  *See Novak-Canzeri v. Saud,* 864 F.Supp. 203, 207 (D.D.C. 1994).

In a case filed in a jurisdiction where venue is improper, the Court, in the interest of justice, may transfer the action to any other district where it could have been brought. 28 U.S.C. § 1406(a).  Venue for plaintiff's claims against the defendants in their individual capacities is determined under 28 U.S.C. § 1391(b).  *See Stafford v. Briggs*, 444 U.S. 527, 544 (1980).  Where, as here, the Court's jurisdiction is not based solely on diversity of citizenship,

-7-

venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The alleged events giving rise to plaintiff's claims occurred in Kansas. Moreover, plaintiff has a pending habeas corpus action in that jurisdiction involving the same set of facts, parties, and claims. In the interest of justice, therefore, the Court will transfer this action to the United States District Court for the District of Kansas.

*Conclusion*

For the foregoing reasons, defendants' motion will be granted and the case transferred. A separate order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Dated:     April 19, 2006