```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


OLIVER BOLING-BEY,

                        Plaintiff,

           v.                              CASE NO. 07-3283-SAC

U.S. PAROLE COMMISSION, et al.,

                        Defendants.
```

**O R D E R**

Before the court is an action filed by plaintiff in the District Court for the District of Columbia, seeking damages, declaratory judgment, and injunctive relief on allegations of racial discrimination and the violation of his constitutional rights in relation to a parole proceeding that resulted in a decision in January 2005 to set plaintiff's reparole date after fifteen years.[1]

Procedural Background

Plaintiff initiated this action while incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), and proceeds pro se and in forma pauperis in this matter. The defendants named in the complaint are: the United States Parole

---

[1] The instant action is factually related to plaintiff's request for a writ of habeas corpus under 28 U.S.C. § 2241 on allegations or error in USPC's April 2003 decision to extend plaintiff's presumptive reparole date beyond the reparole guidelines at six years instead of the three years that had been initially set. Boling v. Mundt, Case No. 04-3078-RDR. That habeas action, initially filed in the District of Columbia, was transferred to the District of Kansas where the Honorable District Court Judge Richard Rogers denied the petition in a memorandum and order entered on March 26, 2007. In a mandate entered on February 29, 2008, the Tenth Circuit Court of Appeals affirmed that decision.

Commission (USPC), the Federal Bureau of Prisons (BOP), USPC Assistant General Counsel Pamela Posch, USPC Hearing Examiners Jeffery Koastbar and Samuel Robertson, and USPLVN Case Managers Albert Wilson and Mike Gray. Plaintiff states that he sues all individual defendants in both their official and individual capacity.

While this matter was pending in the District of Columbia, defendants filed a motion to dismiss, or in the alternative, for transfer of the case to the District of Kansas. Finding no personal jurisdiction over any of the individual defendants, the district court judge granted defendants' request for transfer of this action to a proper venue, and did not address defendants' alternative motion to dismiss.

## Screening of the Complaint

Because plaintiff is a prisoner, the complaint is subject to court screening for dismissal of the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. Having reviewed the record transferred to this court from the District of Columbia, no judicial screening of the complaint under 28 U.S.C. § 1915A is evident. Instead, it appears defendants' alternative motion to dismiss the complaint served much the same function by setting forth comprehensive arguments for the summary dismissal of plaintiff's claims against the individual defendants in both their official and individual capacities.

Because the transferring court did not consider the merits of defendants' motion to dismiss, the court finds it is still

2

appropriate to screen plaintiff's complaint to determine whether it or any claim therein should be summarily dismissed as frivolous, as stating no claim for relief, or as seeking damages from a party immune from such relief.

*The complaint as filed under 42 U.S.C. § 1983.*

Although plaintiff expressly filed his complaint under 42 U.S.C. § 1983, it is clearly evident on the face of the record that plaintiff cannot satisfy the requirements for seeking relief under that statute.  To state a claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42 (1988).  Because plaintiff's allegations provide no basis for finding any defendant named in the complaint acted "under color of state law," the complaint states no claim upon which relief can be granted under 42 U.S.C. § 1983, and any and all claims being advanced under that statute are subject to being summarily dismissed.

Nonetheless, because plaintiff proceeds pro se and seeks relief from federal rather than state defendants for the alleged violation of his constitutional rights, the complaint is subject to being liberally construed by the court as seeking relief under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), which recognized that a person may sue federal officials for monetary damages for the alleged violation of that person's constitutional rights.  See Farmer v. Perrill, 288 F.3d 1254, 1256 n. 1 (10th Cir. 2002)(Bivens provides an action for money damages against federal officials who, acting in their individual

3

capacities, violate a person's constitutional rights). Absent a timely objection by plaintiff, the court will liberally construe this action as seeking relief pursuant to Bivens.

*Plaintiff's claims against federal agencies and against federal defendants in their official capacity.*

As a Bivens action, however, plaintiff's claims for damages against USPC and BOP, the two federal agencies named as defendants, are subject to being summarily dismissed. *See* Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 483-86 (1994)(Bivens action may not be brought against federal agencies).

Likewise, plaintiff's claims for damages against the individual defendants in their official capacity are subject to being summarily dismissed from the complaint. *See* Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001)("There is no such animal as a Bivens suit against a public official tortfeaser in his or her official capacity.").

*Plaintiff's claims against the defendants in their individual capacity, and motion for default judgment.*

Before the court is plaintiff's recent motion for default judgment (Doc. 40) against defendants Wilson, Gray, Koastbar, Robertson, and Posch, based on their failure to file an answer or otherwise plead in response to the complaint. This request is denied.

Plaintiff correctly points out that counsel in the District of Columbia entered his appearance for all individual defendants only in their official capacity. Plaintiff incorrectly concludes, however, that all individual defendants in their individual capacity are thus subject to default judgment by failing to file an answer or

4

otherwise respond to his complaint.

Notwithstanding plaintiff's reading of the docket sheet, the issue of whether there was effective service of process to the individual defendants in their individual capacity remains contested. Clearly, no answer or other responsive pleading to the complaint by any defendant in their individual capacity is required if there has been no effective service of summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.[2]

Even if effective service of summons and the complaint on each defendant in their individual capacity could be established, however, the court finds plaintiff's allegations state no claim for relief against any of the defendants.

Plaintiff essentially alleges that racial bias and misconduct by the defendants undermined the fairness and lawfulness of the January 2005 USPC decision to set plaintiff's reparole date at fifteen years. Because relief on these allegations would necessarily undermine the validity of that USPC decision, plaintiff must first show the January 2005 decision has been invalidated or otherwise set aside before he can seek damages for any of the defendant's alleged wrongdoing. *See* Heck v. Humphrey, 512 U.S. 477, 487 (1994)(when judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence, ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). *See e.g.,*

---

[2]Moreover, because this court's judicial screening under 28 U.S.C. § 1915A of a prisoner complaint typically occurs prior to service of process being ordered for any defendant, the court does not address or decide service of process issues until it is determined what if any claims remain after the court's screening of the complaint.

Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996)(A criminal defendant may not recover damages in a Bivens action against federal officials who allegedly brought about his or her conviction unless the conviction or sentence has been invalidated or set aside). The holding in Heck applies to Bivens actions and to claims that "call into question the fact or duration of parole or probation." Crow v Penry, 102 F.3d 1086, 1087 (10th Cir. 1996). *See* also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)(Heck's favorable termination rule applies "no matter the relief sought ....[and] no matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Because plaintiff makes no showing that his January 2005 reparole decision has been invalidated or otherwise set aside, his claims against the defendants in their individual capacity are subject to being summarily dismissed without prejudice.[3]

To any extent plaintiff's claims of racial taunts and slurs by the USPVLN caseworkers can be considered independent of plaintiff's parole proceeding, and thus beyond the reach of Heck and Crow, the court finds the unprofessional conduct alleged by plaintiff is insufficient to state a cognizable constitutional claim for the purpose of seeking relief under Bivens. *See* McBride v. Deer, 240

---

[3] Additionally, even if plaintiff were able to satisfy Heck, it is clear that USPC examiners Koastbar and Robertson are entitled to absolute immunity against plaintiff's claims for damages. *See* Butz v. Economou, 438 U.S. 478 (1978)(absolute immunity extended to parole commissioner, parole hearing examiner, and probation officers in a parolee's Bivens action alleging defendants violated his constitutional rights by causing his parole to be delayed). Likewise, USPC attorney Posch is entitled to absolute immunity for her presentation of evidence in the course of petitioner's reparole adjudication. Id.

6

F.3d 1287, 1291 (10th Cir. 2001)(taunts and threats are not an Eighth Amendment violation); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(holding, in case where sheriff laughed at inmate and threatened to hang him after inmate sought to mail legal correspondence, that "[v]erbal harassment or abuse of the sort alleged in this case is not sufficient to state a constitutional deprivation").

And finally, to the extent plaintiff seeks damages from any defendant for mental anguish and emotional distress plaintiff claims to have suffered, plaintiff makes no showing of prior physical injury to support this request.  *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

*Plaintiff's request for declaratory judgment and injunctive relief.*

To the extent plaintiff seeks declaratory judgment to invalidate the January 2005 parole decision, and injunctive relief to obtain his immediate release on parole, plaintiff must pursue such relief in a habeas action filed under 28 U.S.C. § 2241, as plaintiff attempted without success regarding his challenge to the April 2003 USPC decision.

Any non-habeas claim for injunctive relief that was not mooted by plaintiff's transfer from USPLVN appears to be limited to plaintiff's request for the removal of an expired 1976 sentence from his parole record because he claimed consideration of that information by USPC was improper.

7

Although a Bivens action is generally understood as providing only a cause of action for damages, the federal court's equitable power to grant injunctive relief is still available. Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1230-32 (10th Cir. 2005). However, given the wide latitude afforded parole officials in the information that may be considered, *see e.g.* Robinson v. Hadden, 723 F.2d 59, 62 (10th Cir. 1983); Gometz v. U.S. Parole Comm'n, 294 F.3d 1256, 1261 (10th Cir. 2000), plaintiff's allegation of error fails to state any claim that might warrant the equitable relief plaintiff seeks.

## Conclusion

The court thus directs plaintiff to show cause why the complaint should not be liberally construed as seeking relief under Bivens, and why the complaint should not be dismissed as stating no claim for relief for the reasons stated by the court.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted") *and* 42 U.S.C. § 1997e(c) (court is to dismiss on its own motion any action brought with respect to prison conditions if satisfied the case fails to state a claim upon which relief can be granted). The

---

[4]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

failure to file a timely response may result in the complaint being construed as a <u>Bivens</u> action and dismissed for the reasons stated by the court.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be liberally construed as a <u>Bivens</u> complaint, and why the complaint should not dismissed as stating no claim for relief for the reasons stated by the court.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (Doc. 40) is denied.

**IT IS SO ORDERED.**

DATED:  This 1st day of May 2008 at Topeka, Kansas.


        <u>s/ Sam A. Crow</u>
        SAM A. CROW
        U.S. Senior District Judge