IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


OLIVER BOLING-BEY,

                         Plaintiff,

          v.                                    CASE NO. 07-3283-SAC

U.S. PAROLE COMMISSION, et al.,

                         Defendants.


                         O R D E R

     Plaintiff proceeds pro se on a complaint filed in the District
Court for the District of Columbia and then transferred to this
court, seeking damages, declaratory judgment, and injunctive relief
on allegations of racial discrimination and the violation of his
constitutional rights in relation to a parole proceeding that
resulted in a January 2005 decision to set plaintiff's reparole date
after fifteen years.

     By an order dated May 1, 2008, the court denied plaintiff's
motion for default judgment, and directed plaintiff to show cause
why the complaint should not be construed as a <u>Bivens</u> action and
dismissed as stating no claim for relief.  Based upon the reasons
stated in the May 1, 2008, order, and plaintiff's failure to file a
response, the court dismissed the complaint on June 11, 2008.

     Before the court is plaintiff's motion to alter or amend that
judgment pursuant to Fed.R.Civ.P. 59(e), or in the alternative, for
relief from that judgment pursuant to Fed.R.Civ.P. 60(b).

"Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which the motion is filed. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b)."  Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006)(internal quotation marks omitted).

In the present case, plaintiff's motion was docketed on July 7, 2008, well outside the ten day period provided for filing under Rule 59(e).  However, the certificate of service in plaintiff's motion states that he "caused a copy of the foregoing motion to be mailed first class postage" to the Tenth Circuit Court of Appeals on June 18, 2008.  This date is well within ten days of the entry of judgment in this matter if the "prisoner mailbox rule" articulated in Houston v. Lack, 487 U.S. 266 (1988), applies.

The "prisoner mailbox rule" provides that an inmate's pleadings are deemed filed as of the date on which they are deposited into the appropriate prison mailing system.  Application of this rule in this circuit requires an inmate to establish timely filing in one of two ways: (1) by alleging and proving timely use of the prison's legal mail system; or (2) if a legal mail system is unavailable or inadequate, then by timely use of the prison's regular mail system with a notarized statement or a declaration under penalty of perjury stating the date the document was given to prison authorities and attesting prepayment of first-class postage.  Price v. Philpot, 420 F.3d 1158, 1165-66 (10th Cir. 2005).

Plaintiff satisfies more the spirit of these requirements rather than their literal demand.   There is nothing in his certificate of service on his post-judgment motion to indicate whether he "caused" his pleading to be mailed through a prison legal mail system, and the certificate is neither notarized nor signed under penalty of perjury.  Additionally, the certificate of service addresses only plaintiff's mailing of a copy of the pleading to the circuit court rather than his mailing of the original pleading to this court.

Nonetheless, given the liberal construction to be afforded pleadings filed by pro se litigants, *see* Erickson v. Pardus, ---U.S.----, 127 S.Ct. 2197, 2200 (2007) *and* Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007), the court finds it appropriate to construe the post-judgment motion now before the court as a Rule 59(e) motion to alter or amend the judgment in this matter[1]  Having carefully reviewed the record, the court denies the motion.

In his motion, plaintiff strenuously objects to the court's finding that plaintiff filed no response to the show cause order entered on May 1, 2008, and provides a copy of a responsive pleading he submitted to prison authorities on May 19, 2008, for mailing. Plaintiff alternatively contends that responsive pleading was never mailed, or if it was mailed and the courts received it, then the responsive pleading was never docketed.  This latter alternative appears to be supported by the record.

---

[1]Plaintiff's request for a "stay" of his appeal is essentially accomplished by his timely filing of a Rule 59(e) motion to alter and amend judgment.

The record discloses this court's receipt on May 27, 2008, of a pleading captioned for filing in the Tenth Circuit Court of Appeals, and titled as a "MOTION FOR RULE 8(2)(A)(i)(ii)(b)(I)(C)(D) RULES OF APPELLATE PROCEDURE FROM JUDGMENT OF THE DISTRICT COURT AND SECTION 455(a) of 28 U.S.C.".  Given (1) the caption and title of this pleading, (2) plaintiff's certificate that he mailed a *copy* of the pleading to the undersigned judge, (3) plaintiff's request for a  reversal of the order entered on the May 1, 2008, and (4) plaintiff's express statement that he is seeking relief under Rule 8 of the Appellate Rules of Procedure rather than filing in the district court, the pleading was treated as a copy of a motion submitted to the circuit court and placed in plaintiff's file as a copy of a pleading intended for docketing in another court. Plaintiff now states that pleading, which is now part of the record as an attachment to plaintiff's post-judgment motion, was submitted for mailing to both the district and appellate courts.

Even if the court considers that pleading as responsive to the show cause order entered on May 1, 2008, the court remains convinced the complaint should be dismissed for the reasons stated in the May 1, 2008, order.  The court further finds plaintiff's allegations of error in the denial of plaintiff's motion for default judgment and in the dismissal of plaintiff's complaint present no intervening change in the law, or any need to correct clear legal error or prevent manifest injustice.  Nor has plaintiff demonstrated good cause for questioning the impartiality of the undersigned judge in deciding plaintiff's case.

4

IT IS THEREFORE ORDERED that plaintiff's motion for post-judgment relief (Doc. 47) is liberally construed by the court as a timely filed motion under Fed.R.Civ.P. 59(e) to alter or amend judgment, and the motion is denied.

**IT IS SO ORDERED.**

DATED:  This 16th day of July 2008 at Topeka, Kansas.

                  s/ Sam A. Crow
                  SAM A. CROW
                  U.S. Senior District Judge